GENTRY *et al. v.* BOARD OF SUPERVISORS OF

PRENTISS COUNTY.

(In Banc. February 9, 1948.)

[33 So. (2d) 791. No. 36576.]

Guy Mitchell, Sr. & Jr., of Tupelo, for appellants.

Cunningham & Cunningham and **J. S. Finch**, all of Booneville, **W. H. Anderson** and **Hugh Clayton**, both of Ripley, **J. O. Clark**, of Iuka, **N. S. Sweat** and **Smith & Stovall**, all of Corinth, **Brown & Elledge**, of Fulton, and **Claud Clayton**, of Tupelo, for appellee.

Argued orally by **Guy Mitchell, Jr.**, for appellants, and by **Jas. A. Cunningham**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The circuit court, on appeal, affirmed the orders of the board of supervisors of Prentiss County in regard to the issuance of the bonds thereof in the sum of $80,000 at its July 1946 meeting, and the sale of said bonds at its August 1946 meeting, for the construction and equipment of buildings for a Northeast Mississippi Agricultural High School-Junior College. The appeal to the circuit court was on a bill of exceptions taken to each of said orders by the appellants, R. C. Gentry and others, in which was embodied all of the proceedings of the county school board and the board of supervisors in the attempted creation of such a school district during the year 1941, and also those relating to the issuance and sale of the bonds during the year 1946, and which proceedings will be hereinafter discussed.

The objections filed before the board of supervisors by the appellants as taxpayers of the county to the issuance and sale of said bonds as disclosed by the bill of exceptions are (1) that there is no legally organized or created Northeast Mississippi Agricultural High School-Junior College District in Prentiss County; and (2) that the attempt of the county school board to create such a school district is null and void for the reason that it was necessary that such a question should be first submitted to the qualified electors in an election called for that purpose, which was not done. Moreover, that there was no authority vested in the county school board to create a junior college in connection with a county agricultural high school or otherwise, except in connection with other counties. That is to say that a one-county junior college could be created only by the board of trustees of an existing agricultural high school by converting such school into an agricultural high school-junior college by means of extending the curriculum in the school so as to include the studies of the freshman and sophomore years, or both, of college work, provided the agricultural high school to be so converted is located not less than twenty miles distant from any of the state colleges, with the exception of the Alcorn Agricultural & Mechanical College.

Section 6475, Code 1942, brought forward from the laws in force at the time the proceedings to create the Northeast Mississippi Agricultural High School-Junior College were had, provides, among other things, that: "The trustees of . . . an agricultural high school . . . may extend the curriculum in the school . . . so as to include the studies of the freshman or sophomore year or both, of college work when they deem such additional work necessary to properly provide for the educational needs of such school district, . . . Provided further, that . . . county agricultural high schools may unite with . . . other counties in the establishment of a junior college. . . . Counties desiring to unite in the

establishment and support of a junior college . . . with other counties, shall make such a desire a matter of record by majority vote of the county school board and upon a petition of ten per cent of the qualified electors an election shall be called. If the majority of those voting shall favor the establishment of such school the board of supervisors shall make a levy for the support of said junior college. It is necessary that . . . each county joining in the establishment of a junior college shall have a record of a majority vote by the proper and respective school authorities and a majority vote of the qualified electors participating in the election. . . .''. And this statute further provides for representation on the board of trustees from each of the counties co-operating in the maintenance of the junior college.

In the instant case, the county school board on May 27, 1941, created a county agricultural high school district embracing all of the territory within Prentiss county and which action came under the jurisdiction of such board. Thereupon, and on the said 27th day of May 1941, the said county school board undertook to create a junior college to be located on the same site designated for the location of the county agricultural high school, but the boundaries of the proposed junior college district were not defined. In other words, the county school board on that day created two separate and distinct legal entities, by separate orders on its minutes, and designated the agricultural high school as the Northeast Mississippi Agricultural High School, and the junior college as the Northeast Mississippi Junior College.

No order appears on the minutes appointing any trustees for the agricultural high school, nor does the record contain any minutes showing affirmatively that such trustees, whoever they were, adopted any order on their minutes which either undertook to convert the agricultural high shool, which was that day created, into a junior college by extending its curriculum, or that they made a record of any recommendation to the county

school board in that behalf, if such recommendation could be effective to delegate to the county school board the authority vested in such board of trustees. However, the county school board, in its order undertaking to create the junior college, recited that the board of trustees of the agricultural high school had recommended the creation of a junior college to be named the Northeast Mississippi Junior College, whereas the bonds now in question which were issued and sold during the year 1946 are for the Northeast Mississippi Agricultural High School-Junior College.

On the said 27th day of May 1941, the board of supervisors, in conjunction with the county school board, although by separate orders, appointed trustees for the Northeast Mississippi Agricultural High School-Junior College, but without creating and establishing such a college, unless they had done so by combining the two separate legal entities into one without an order upon the minutes of either board which expressly undertook to do so.

From the foregoing, it will be readily seen that no Northeast Mississippi Agricultural High School-Junior College District has been created, and that no such college has been legally established, unless the Legislature has by some subsequent statute duly and legally validated the creation of such district and the establishment of such a college. No sufficient answer, nor any at all, has been made by the appellee board of supervisors to the grounds of objection interposed by the appellants to the validity of the issuance and sale of the bonds in question, as set forth in the bill of exceptions now before us, and hereinbefore stated in this opinion, except that it is contended by the appellee that such grounds of objection have been obviated by Chapter 167, Laws of 1942, which the appellee contends has had the effect of validating the creation of said Northeast Mississippi Agricultural High School-Junior College District and the establishment of such college.

In response to the argument of appellee as to the effect of the said Act of 1942, it is urged by the appellants (1) that the Legislature was without the power to validate the proceedings of the county school board in the attempted creation and establishment of such district and college for Prentiss County alone, since they contend that the said school board had no jurisdiction in the premises; and (2) that the said Act of the Legislature did not attempt, or have the effect, of validating such proceedings, even if the Legislature had the power so to do.

We pretermit the expression of any opinion as to the first ground last above mentioned, as being unnecessary to the decision of the issue now before us, and we go directly to the question as to whether or not the second ground of the appellant's response to the argument of the appellee is well taken.

Chapter 167, Laws 1942, is entitled: ''An Act to validate bonds for the purchase of land and erecting and equipping school buildings for agricultural high schools and agricultural high school-junior colleges where such bonds have been issued but remain unsold.'' And Section 1 of the said Act provides: ''That all proceedings of county school boards of the state creating . . . agricultural high school-junior college districts, and all proceedings of boards of supervisors of the counties of this state heretofore had providing for the issuance of bonds of the counties to provide land and buildings and equipment for such . . . agricultural high school-junior college districts, regardless of whether the proceedings for the issuance of such bonds was by election or by the boards of supervisors initiating such proceedings and publishing notice to the public of their intentions to issue such bonds, and without elections, as provided in section 6686 of the Mississippi code of 1930, and regardless of whether such bonds have been sold, be and the same are hereby ratified, confirmed and validated, and all or any part of such bonds may be sold at any time within five years from the date the first or initial resolu-

tions of the boards of supervisors proposing the issuance thereof were entered in the minutes of the board of supervisors. . . ."

The Court is of the opinion that this Act of the Legislature was intended only to ratify, confirm and validate the proceedings for the creation of agricultural high school-junior college districts, and other districts therein mentioned but omitted in the foregoing quotation as irrelevant, and the issuance of bonds therefor, where the initial resolutions of the board of supervisors proposing the issuance of the bonds were adopted prior to the passage of Chapter 167, Laws of 1942, and where such bonds then remained unsold. The initial resolutions of the board of supervisors which proposed the issuance of the bonds here in question were not adopted until more than four years after the passage of the said Act. It may safely be assumed that the Legislature would have been willing to ratify, confirm and validate in 1942 the proceedings for the creation of agricultural high school-junior colleges theretofore had, and where the bonds had been issued but which had not been theretofore sold, due to the inability of the school authorities to use the proceeds of bond issues for the purchase of material and equipment on account of war conditions, and then at the same time may have been unwilling to ratify, confirm and validate such proceedings in order that bonds might be both issued and sold after the passage of such validating act.

At any rate, we are of the opinion that this Act of 1942 does not apply to the situation presented in the case at bar.

Therefore, the judgment of the circuit court which affirmed the orders of the board of supervisors hereinbefore mentioned must be reversed, and a judgment rendered here in favor of the appellants.

Reversed and judgment here for the appellants.